**Mary Katherine BEARD,**
**Plaintiff/Appellant,**

v.

**MUSIC CITY INN, INC.,**
**Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Dec. 3, 1993.

Application for Permission to Appeal
Denied by Supreme Court
March 28, 1994.

James R. Tomkins, Jennings & Tomkins, Nashville, for plaintiff, appellant.

Wayne L. Robbins, Jr., Gullett, Sanford, Robinson & Martin, Nashville, for defendant, appellee.

### OPINION

CANTRELL, Judge.

This is an action by an employee against a former employer for medical insurance benefits. The Chancery Court of Davidson County granted summary judgment to the employer. We reverse because we find that the employer failed to furnish uncontradicted proof that it complied with the notice requirements of federal law.

### I.

The employee, Mary Katherine Beard, worked for Music City Rodeway Inn in Nashville. Her compensation included group medical insurance paid for by her employer. On August 5, 1988, Ms. Beard sustained a work related injury and ultimately was unable to return to her position with the company. Music City Inn continued to pay the premiums for Ms. Beard's medical insurance through December 31, 1989. On November 9, 1989, the employer sent a letter to Ms. Beard at 2230–B Grandview Avenue in Nashville, attempting to give her notice of the impending discontinuance of her insurance and her right to elect continued coverage with the company. Ms. Beard says she did not receive the notice because her correct address was 2236–B Grandview Avenue in Nashville. In November of 1990 when Ms. Beard sought admission to a local hospital she found out that she did not have insurance coverage.

### II.

In the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), Congress amended the Employee Retirement Income Security Act of 1974 (ERISA). The amendment required sponsors of certain group health plans to offer to provide coverage on an individual basis for qualified beneficiaries who have lost health benefits for specified reasons, including termination of employment. COBRA requires employers to notify a covered employee of the employee's rights under the act within fourteen days after notifying the plan administrator of the termination. 29 U.S.C. § 1166(a)(2) and (4). Although the act is silent on the manner in which the notice must be given, the courts have held that the employer must cause notice "to be sent in a good faith manner reasonably calculated to reach [the employee] (citation omitted). An employer generally complies with § 1166(a) by sending notice by first class mail to the last known address of an employee." *Conery v. Bath Associates,* 803 F.Supp. 1388, 1398 (N.D.Indiana 1992).

In this case the employer relies entirely on the fact that it sent the termination notice to the address appearing on certain medical

records furnished by the employee. We do not think the employer was justified in using the address on the employee's medical records when it had the employee's correct address in its records. The employee's affidavit shows that the only address she'd ever given her employer was her home address at 2236–B Grandview Avenue, and that she had regularly received mail from her employer at that address. We do not think the employer's action was reasonably calculated to notify the employee of the termination of her medical benefits and her right to elect continuing individual coverage.

The judgment of the court below is therefore reversed and the cause is remanded to the Chancery Court of Davidson County for further proceedings. Tax the costs on appeal to the appellee.

TODD, P.J., and LEWIS, J., concur.